470 A.2d 833

**Marilyn ELPRIN, et al.**

v.

**HOWARD COUNTY BOARD OF EDUCATION.**

No. 428, Sept. Term, 1983.

Court of Special Appeals of Maryland.

Feb. 6, 1984.

Certiorari Denied June 7, 1984.

**460**

Glen M. Fallin, Ellicott City, with whom was Sheldon H. Laskin, Ellicott City, on the brief, for appellants.

Judith S. Bresler, Ellicott City, with whom were Charles A. Reese and Reese & Carney, Ellicott City, on the brief, for appellee.

Argued before LOWE, LISS and BISHOP, JJ.

LISS, Judge.

On December 16, 1982, following a series of public work sessions and a public hearing at which concerned citizens were provided an opportunity to submit their views, the

Board of Education of Howard County voted to close Faulkner Ridge and Rockland Elementary Schools and to consolidate students, including transfer of the Level IV special education program, from these facilities to other nearby elementary schools. The actions of the County Board were taken pursuant to its statutory authority to determine public school attendance boundaries and to consolidate or close schools within the county when practicable. *See* Maryland Code (1978) Education Article, §§ 4–101, 4–108 and 4–119.

On January 17, 1983, appellants, Marilyn and Jerrold Elprin, and other concerned citizens, requested that the Maryland State Board of Education review the County Board's decisions pursuant to its bylaw on school closings (COMAR 13.A.02.09) and Sections 2–205 ánd 4–205 of the Education Article. The State Board granted review and a hearing was held before the State Board Hearing Examiner on March 3, 1983. On March 18, 1983, after considering the testimony and documentary evidence submitted at the hearing the State Board Hearing Examiner issued his Findings, Conclusions, and Recommendations, suggesting that the closure of Faulkner Ridge and Rockland Elementary Schools and the assignment of the pupils be upheld.

On March 30, 1983, the Maryland State Board of Education heard oral arguments on the case and issued Opinion No. 83–6 in which it accepted the Findings of Fact, Conclusions of Law, and Recommendations of Hearing Examiner.

Appellants filed an appeal to the Circuit Court for Howard County pursuant to Subtitle B of the Maryland Rules of Procedure. Appellants rely on Maryland Code (1957, 1978 Repl.Rol.) Article 41, § 244, *et seq.* (known as the Maryland Administrative Procedure Act or "APA") for authorization of review of the action by the State Board of Education.

The Howard County Board of Education filed a motion raising preliminary objection for lack of subject matter jurisdiction. After a hearing, the trial judge granted the motion on the jurisdictional ground in that the proceeding before the State Board of Education did not involve a "contested case."

Appellants then noted this appeal, asking us to consider whether the trial court erred in granting appellee's motion.

▊ Section 255 of the APA provides a right to judicial review of a State administrative agency decision under the following circumstances:

> (a) *Right to review.*—Any party aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, is entitled to judicial review thereof under this subtitle.

Section 244(c) defines a "contested case" as a "proceeding before an agency in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing." The right to seek judicial review of a final action of a State administrative agency under § 255, other than by mandamus, is available only when that decision determines the legal rights, duties, or privileges of specific parties which have been determined by the State agency after a hearing required by law or constitutional right.

▊ We agree with the trial judge that this appeal does not involve a "contested case." The General Assembly has clothed the appellee and other local boards of education with discretionary power to: (1) determine the geographic attendance area of schools within its jurisdiction;[1] (2) consolidate schools when practicable,[2] and (3) close schools when they are no longer needed for school purposes.[3] The Court of Appeals has classified such actions by local boards of education as policy making or quasi-legislative proceedings.

In *Bernstein v. Board of Education of Prince George's County,* 245 Md. 464, 226 A.2d 243 (1967), a group of parents contending that the local board of education was subject to the provisions of the APA sought to restrain the school

---

1. Section 4–108(c) of the Education Article.

2. Section 4–119(a) of the Education Article.

3. Section 4–114(c) of the Education Article.

board from transferring children from one elementary school to another. The Court held that a county board of education was not a State agency authorized by law to make rules or adjudicate cases. In disposing of the issue whether the proceeding before the Court was a "contested case," the Court said at 472–73, 226 A.2d 243:

That the Board's proceeding ... was quasi-legislative and not an adversary proceeding is clear. [Citations omitted]. The division or redivision of the county into school districts affects the children and their parents as a whole, for the general benefit and the proper administration of the county school system, and is not based on individual factors. When the proceeding involves essentially legislative considerations, a hearing is not a legal requisite, unless the governing statute or an administrative rule provides for it. [Citation omitted].

■ Appellants argue that this is a "contested case" because their "legal rights," appellee's duties, appellant's statutory entitlements, and/or "privileges" are involved in this case. The problem facing the appellants, however, is that no such legal rights, entitlements or privileges exist. There is no right or privilege to attend a particular school under State law. *Bernstein, supra,* at 472,[4] 226 A.2d 243.

In *Welch v. Board of Education of Baltimore County,* 477 F.Supp. 959 (1979), the Court had before it contentions similar to those in this case involving residents of eight county school districts who sought to prevent the Board of Education of Baltimore County from closing certain schools in the district. In holding that there were no liberty interests, no property interests and no right or privilege on the part of the plaintiffs to attend a particular school, the Court held:

Plaintiffs seemingly claim under Md.Educ.Code Ann. § 2–205(g)(3) that before any school is closed or converted, they have a constitutional procedural due process right to

---

4. Absent a claim of deprivation of equal educational opportunity or unconstitutional discrimination because of race or religion.

have the members of the State and County Boards of Education hear in person from all "interested citizens" who wish to speak before or with them. The resolution of plaintiffs' said contention initially depends upon whether a resident of a school district possesses a liberty or property interest in a school in his district remaining "as is." *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Obviously, plaintiffs possess no such liberty interest. Nor do they have such a property interest unless it is granted to them under state law. [Citation omitted]. [477 F.Supp. at 966].

The Attorney General of Maryland has opined that in order for a case to fall within the definition of a "contested case" as required by the APA, such legal rights, statutory entitlements or privileges must exist and be at issue. 65 Op. Atty. General 461 (1980).

■ Appellants also argue that the State Board of Education was required to hold a hearing under the terms of its bylaws governing school closings; however, a careful reading of the bylaw (*see* COMAR 13.A.02.09.03A) reveals that it provides that except in emergency circumstances *"the decision of the county board* and the Board of School Commissioners of Baltimore City shall be final, except that the State Board *may* grant a request for an appeal. . . ." [Emphasis supplied]. If the State Board of Education chooses to accept an appeal in a school consolidation and closure proceeding, that decision does not change the essentially legislative character of the action of the Board to a consideration of a "contested case."

■ Appellants next contend that the State Board of Education was required to and in fact did issue a declaratory ruling under Section 250 of Article 41 when it considered and affirmed appellee's school consolidation recommendation, thereby making this a "contested case." The short answer to that contention is that appellants did not ask the Board for a declaratory ruling nor did they urge that Section 250 of the APA was the basis for their right to

appeal to the State Board of Education. The trial judge concluded that the opinion issued by the Board was not a declaratory ruling under Section 250 of Article 41 and from our own review of the opinion issued by the State Board of Education we agree that it was not synonymous with what would amount to a declaratory judgment subject to review in the circuit court.

Appellants further urge that Section 4–205(c)(4) of the Education Article requires that the Board review the County Board's decision with reference to consolidation and closure of schools and that this requirement guarantees judicial review. Our reading of the section does not substantiate this argument. Section 4–205(c)(4) states as follows:

> A decision of a county superintendent may be appealed to the county board if taken in writing within 30 days after the decision of the· county superintendent. The decision may be further appealed to the State Board if taken in writing within 30 days after the decision of the county board.

The mandatory obligation of the State Board of Education to hear appeals under this section as indicated by the Court of Appeals in *Board of Education of Garrett County v. Lendo,* 295 Md. 55, 453 A.2d 1185 (1982), is limited to matters arising within the authority of and decided by a county superintendent. Appellants acknowledge that in this case the County Superintendent merely made a recommendation to the State Board for its consideration and no appeal was taken from a decision of the School Superintendent. *Board of Education of Garrett County v. Lendo, supra,* is inapplicable to the case at bar because it does not apply to consolidation and closure decisions of the State Board, nor does it constitute a controversy or dispute within the meaning of Section 4–205(c). Even if we assume, *arguendo,* that the action of the County Superintendent in making a recommendation was equivalent to a decision under Section 4–205(c) and that the State Board would then be required to hear the appeal, the proceeding would remain quasi-legislative in nature and would not by reason of the hearing before

the Board be converted into a "contested case" appealable under the APA.

■ Finally, appellants argue that they are "entitled to judicial review on grounds other than the APA" and that the availability of judicial review on bases other than the APA is a persuasive reason to grant an APA review and that the Maryland Declaratory Judgment Act should be considered to be synonymous with an appeal under the provisions of APA. We are not persuaded. If, as they state, they were entitled to judicial review on other grounds in other proceedings they should have availed themselves of the relief to which they were entitled. Instead they chose to rely on the provisions of Article 41 of the Maryland Code which bar them from the relief sought because they have not established that there was, in fact, a "contested case" within the meaning of the APA statute. We find no error in the trial court's conclusion that decisions made by the State Board of Education in matters of school consolidation and closure are quasi-legislative in nature and are not appealable under the Administrative Procedure Act as a "contested case."

*See Bernstein, supra,* 245 Md. at 472, 226 A.2d 243.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANTS.