471 A.2d 1097

**WASHINGTON SUBURBAN SANITARY COMMISSION**

v.

**DONACAM ASSOCIATES, et al.**

**No. 470, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

March 5, 1984.

---

Harry L. Durity, Upper Marlboro, for appellant.

Joseph P. Blocher, Silver Spring, with whom were Susan M. Reutershan and Linowes & Blocher, Silver Spring, on the brief, for appellees.

Argued before WEANT, ADKINS and GETTY, JJ.

ADKINS, Judge.

The principal question presented in this case is whether a determination by appellant WSSC to levy special benefit assessments against appellees Donacam Associates, Inc., et al. (hereinafter Donacam) involved a "contested case" as defined by Code, Art. 41, § 244(d) and was, therefore, appealable by Donacam to the Circuit Court for Montgomery County under § 255. The parties have also argued, as they did below, the legality of the special assessments in question.

We do not reach that issue since we conclude that the proceeding before the WSSC was not a "contested case." Therefore, the circuit court lacked jurisdiction to consider the merits of the case Donacam attempted to present by way of a purported appeal from the WSSC decision.

## Facts

Donacam is the owner of parcels 2, 5, 7, and 8 in Rock Spring Park, Montgomery County. At its own cost, Donacam constructed a private water and sewer system on portions of this property. In order to provide water and sewer service to parcel 9, owned by Spaulding and Slye, WSSC determined that it was necessary to hook this private system onto a WSSC public sewer line to be constructed across parcel 8 and connected to parcel 9. In furtherance of this project, Donacam and WSSC in 1980 executed an "Agreement to Grant" and a "Deed of Abandonment and Quitclaim" by the terms of which Donacam transferred to WSSC the private water and sewer system and granted WSSC a sewer easement across parcel 8. In due course, WSSC constructed a sanitary sewer across parcel 8, connecting the former private system to parcel 9. Parcel 9 received public water from a line constructed by WSSC, which line joined the line on site at parcel 8.

In February, 1982, Donacam was shocked by a notice from WSSC advising that a sewer front-foot benefit charge was being assessed against parcel 8. The assessment was $3,034.84 annually for thirty-three years. Donacam's distress was the result of its view that parcel 8 had not been benefitted by the construction of the sewer line, and by its reading of the "Agreement to Grant" and the "Deed of Abandonment and Quitclaim" which, it thought, precluded WSSC from charging it for any portion of the costs of that construction. Donacam protested both upon receipt of the assessment and at a subsequent WSSC hearing, but in May, 1982, WSSC determined to retain the assessment against parcel 8.

That same month, WSSC imposed water and sewer front-foot benefit charges against parcels 5 and 7 ($2,211.95 annually for thirty-five years and $1,950.73 annually for thirty-three years respectively) and a water front-foot benefit charge against parcel 8 ($733.50 annually for sixteen years). Once again, Donacam's protests were unavailing. After a hearing, WSSC confirmed these assessments as well.

Donacam appealed all the assessments to the Circuit Court for Montgomery County. The appeal was met with WSSC's Motion Raising Preliminary Objection which asserted the court lacked jurisdiction because there was no statutory provision for appeal. The court, concluding that the matter involved a contested case, held that a right to appeal was granted by Art. 41, § 255. It denied the motion and then voided all the assessments on the ground that they were arbitrary and capricious because Donacam's property had received no benefit and because the assessments violated the agreement between Donacam and WSSC, as contained in the "Agreement to Grant" and the "Deed of Abandonment and Quitclaim."

It is from that judgment that WSSC has appealed.

*The Trial Court's Jurisdiction—A Contested Case or Not?*

The threshold issue in this case, indeed, as we see it, the dispositive one, is whether the circuit court had jurisdiction to decide Donacam's appeal from the WSSC. Since the right to appeal from the decision of an administrative agency is statutory in nature, *Criminal Injuries Compensation Board v. Gould,* 273 Md. 486, 500, 331 A.2d 55 (1975), we search first for some statutory basis for the appeal to the circuit court.

The law pertaining to the WSSC is codified in Art. 29 of the Code (1983 Repl.Vol.).[1] Title 5 of that article deals with

---

1. When this case was decided below, the WSSC law was codified as Art. 67 (1957 Code, 1981 Supp.). It was transferred to Art. 29 by Ch. 57, Acts of 1983. In this opinion, we shall refer to the current codification.

"Front Foot Benefit Charges." Neither in that title nor elsewhere in Art. 29 is there any provision for an appeal to a court from an assessment of front-foot benefit charges by WSSC.[2] If a statutory right of appeal exists it must be found in Art. 41, § 255(a) (part of the Administrative Procedure Act) which provides: "Any party aggrieved by a final decision *in a contested case* . . . is entitled to judicial review thereof under this subtitle." [emphasis supplied].

■ WSSC is a state agency subject to the APA. *Prince George's County v. Blumberg,* 288 Md. 275, 418 A.2d 1155 (1980), *cert. denied,* 449 U.S. 1083, 101 S.Ct. 869, 66 L.Ed.2d 808 (1981). That Donacam was aggrieved by the WSSC decision as to the assessments is unquestioned, and it seems plain enough that this decision was the final agency decision. The question, then, is whether the proceeding before the WSSC was a "contested case."

■ WSSC says it was not because taxation is a legislative matter. There is no doubt that the "power to tax belongs exclusively to the legislative branch of government," *Spencer v. Merchant,* 125 U.S. 345, 355, 8 S.Ct. 921, 926, 31 L.Ed. 763 (1888), and that a front-foot special benefit charge is a species of tax. *Baltimore v. Cahill,* 126 Md. 596, 95 A. 473 (1915); 14 McQuillen, *Municipal Corporations* (Third Ed. 1920 Rev. Vol.) § 38.01. Nor is there doubt that legislative proceedings are not "contested cases." *Bernstein v. Board of Education of Prince George's County,* 245 Md. 464, 472–73, 226 A.2d 243 (1967); *Eliason v. State Roads Commission,* 231 Md. 257, 189 A.2d 649, *cert. denied,* 375 U.S. 914, 84 S.Ct. 211, 11 L.Ed.2d 152 (1963); *see* R. Oppenheimer, *Administrative Law in Maryland,* 2 Md.L.Rev. 185, 204 (1938) and *The Supreme Court and Administrative Law 1936–40,* 5 Md.L.Rev. 231, 246, 248 (1941).

---

**2.** Art. 29, § 6–110 provides for an appeal to the Public Service Commission when there is an attack on "the reasonableness of any assessment, tax levy, or service charge of the WSSC." That section is not applicable here, as both parties agree.

■ As we see it, however, it is not the underlying function involved, but rather the particular nature of the hearing required that determines whether a matter is a "contested case." *See* 73 C.J.S. "Public Administrative Bodies and Procedure" § 130. We shall return to this notion shortly.

Art. 41, § 244(d) defines a "contested case" as "a proceeding before an agency in which the legal rights, duties, statutory entitlements, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing." The trial court concluded that because Donacam was entitled to a hearing under the WSSC law, this was a contested case. That is the position Donacam took below and now asserts on appeal.[3] We think this is a misreading of § 244(d).

■ We do not doubt that a hearing is provided for by the relevant provisions of Art. 29. Section 5–101(a) informs us that "[t]he construction or acquisition of water mains or sewers'is a benefit to all property that abuts on water mains or sewers." Subsection (e) provides a formula for determining the benefit charges to be assessed against such properties, each of which is to be placed into one of the seven classes specified in subsection (b) which further provides: "(2) The classification of any property by the WSSC is final, subject only to revision at *a hearing*" [emphasis supplied]. Subsection (c) goes on to require the WSSC to

---

**3.** The issue of whether Donacam was entitled to a hearing "by . . . constitutional right" was not raised and decided below, nor has Donacam argued it on appeal. Therefore, we do not reach it. *Compare Albert v. Public Service Commission,* 209 Md. 27, 120 A.2d 346 (1956). Front-foot benefit cases addressing the issue of a constitutional right to a hearing at the "agency" level have reached various results. *See, e.g., Spencer v. Merchant, supra,* 125 U.S. 345, 8 S.Ct. 921, 31 L.Ed. 763 (1888) (hearing as to certain matters may be required depending on circumstances); *Leser v. Philip Wagner, Inc.,* 120 Md. 671, 87 A. 1040 (1913) (no hearing required when legislature has fixed amount of tax); *Ulman v. Baltimore,* 72 Md. 587, 20 A. 141 (1890) (hearing required); *Baltimore v. Scharf,* 56 Md. 50 (1881) (no hearing required); *Baltimore v. The Johns Hopkins Hospital,* 56 Md. 1 (1881) (no hearing required); *Baltimore v. Scharf,* 54 Md. 499 (1880) (hearing required).

(1) Fix and levy a benefit charge on all property that abuts on the water main or sewer, in accordance with the classification; and

(2) Notify in writing all owners of property:

(i) Of the class in which their respective properties fall;

(ii) Of the charge levied on the property; and

(iii) Of the time and place of *a hearing* [emphasis supplied].

■ But the mere fact that a statute calls for a hearing is not in and of itself sufficient to make the subject of that hearing a "contested case." Such a case exists only if (matters of constitutional right aside; see note 3, *supra*) the law providing for the hearing requires that "legal rights, duties, statutory entitlements, or privileges of specific parties" be determined at that hearing. In other words, it is the subject matter of the hearing required "by law" that is decisive. *See The Maryland-National Capital Park Planning Commission v. Friendship Heights and the Hills,* 57 Md.App. 69, 82, 468 A.2d 1353 (1984).

Statutes or regulations may authorize hearings for many purposes. For example, the State Commission on Human Relations may hold "an investigatory hearing . . . to resolve [a problem of racial discrimination] promptly by the gathering of all the facts . . . and making such recommendations as may be necessary." Art. 49B, § 3(c). But unless the hearing is for the purpose of determining "legal rights, duties, statutory entitlements, or privileges of specific parties" it is not a "contested case" for purposes of § 244(d). Thus, in *Elprin v. Howard County Board of Education,* 57 Md.App. 458, 470 A.2d 833 (1984) although a hearing was had, we held there was no contested case because no "legal rights, entitlements or privileges" were involved. *Compare State Dept. of Assessments and Taxation v. Clark,* 281 Md. 385, 380 A.2d 28 (1977) (no hearing required, but in any event no contested case because relief requested was matter of grace, not right or entitlement).

■ What is the purpose of the statutory hearing that occurred in this case? Obviously one purpose, as the statute indicates, was to consider the appropriateness of the classification of the Donacam property. That, indeed, may be the only purpose indicated by the statute. Classification was not an issue raised by Donacam. Another issue suggested by the hearing notices Donacam received was "to present views ... on the footage assessed against your property." This, too, so far as the record discloses, was not an issue in this case.[4]

These two matters appear to be the only ones intended to be addressed at the statutory hearing. Aside from the fact that neither is involved in this case, neither appears to implicate any legal right or duty of Donacam. The legislature had statutorily declared Donacam's property to be benefited and had in effect determined the tax by providing the § 5–101(e) formula for fixing it. Questions of classification and footage could relate only to the amount of the tax to be paid by Donacam, not to its right not to be assessed or to its duty to pay the assessment.[5]

We conclude, therefore, that the trial court erred in deciding that the mere availability of the statutory hearing made this a "contested case." We hold it was not such a case, and that the trial court lacked jurisdiction to hear Donacam's appeal. While Donacam is not necessarily without a remedy, the route to that remedy is not the one followed in this case.

JUDGMENT VACATED. CASE REMANDED WITH DIRECTIONS TO DISMISS APPEAL FROM WSSC. APPELLEES TO PAY THE COSTS.

---

**4.** Donacam makes some comment about footage discrepancies as to parcel 8, but there is nothing in the record to show that this was raised at the WSSC hearing or in the lower court; Donacam's concerns obviously were directed to other matters.

**5.** We observe, in passing, that WSSC's regulations exclude front-benefit cases from its "contested case" procedures. "Procedures for Information and Adjudicatory Hearings" Par. II A.5. 6:5 Md.R. 463 (1979).