ELIASON *v.* STATE ROADS COMMISSION ET AL.

[No. 278, September Term, 1962.]

*Decided April 4, 1963.*

*Motion for rehearing filed May 3, 1963, denied May 22, 1963.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Benjamin Lipsitz,* for appellant.

*Thomas W. Jamison, III, Special Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Earl I. Rosenthal, Special Attorney,* on the brief, for appellees.

HAMMOND, J., delivered the opinion of the Court.

In a mandamus action by a citizen against the State Roads Commission and the Commissioner of Personnel of Maryland to require them to file written charges against three employees of the Commission, seeking their discharge under the Merit System law, the trial court directed a verdict for the respondents, denied the writ and entered judgment for the respondents for costs. The citizen has appealed, claiming that the administrative determinations not to allow charges to be filed were invalid because they were arbitrary, and unconstitutional because they were reached without affording him the opportunity to present evidence and argue his contentions.

Code (1957), Art. 64A, Sec. 33, provides that no employee may be permanently removed from the classified service except for cause, upon written charges and after an opportunity to be heard in his own defense, and concludes: "Such charges may be filed by the appointing authority or by any citizen, provided, however, that no such charges may be filed by a citizen, without the consent of the appointing authority or of the Commissioner * * *."

Clearly the statute does not make a hearing a prerequisite to the decision of the appointing authority or the Commissioner whether to permit charges to be filed. It specifies that the employee charged must be given a hearing; it is silent as to a hearing for the complaining citizen. It cannot reasonably or

plausibly be inferred the Legislature contemplated that the many departments and agencies of the State were to interrupt the normal functioning of their varied everyday duties and affairs to conduct trials on whether to seek the discharge of an employee. Unless another statute or due process compels a hearing, the appellant's contention that he was wrongfully denied one must fail.

The appellant suggests that the Administrative Procedure Act, Code (1957), Art. 41, Secs. 244-256, made a hearing mandatory. Assuming the State Roads Commission or the Commissioner of Personnel to be an agency covered by the Act, its definitions and provisions make it plain that unless there was a constitutional necessity to give the citizen a hearing on his request for action against the employees the Act does not call for one. Section 251 requires a hearing only in a "contested case." Section 244 defines a "contested case" as a proceeding before an agency "in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing." There is no such requirement of law and we find no constitutional right to a hearing to establish that the request of a citizen for action against an employee should be granted.

In *Albert v. Public Service Commission*, 209 Md. 27, we pointed out that apart from statute the necessity of a hearing in an administrative proceeding depends on the character of the proceeding and the nature of the interest of the person seeking relief. Where the administrative body acts not in a judicial or quasi-judicial capacity, but rather in the exercise of an executive, administrative or legislative function and the interests of the individual involved are not particular and immediate rights of liberty or property—that is, if he seeks the exercise of no more than a privilege—he need not be afforded a hearing, if he is otherwise fairly dealt with.

In deciding whether to permit the filing of charges looking to the discharge of an employee, the appointing authority (the agency for which he works) and the Commissioner act in an executive and administrative capacity. The hiring and firing of employees is essentially administration by an executive. It

does not cease to be executive because the need to make a decision is triggered by the request of a citizen for action. To decide whether to seek to discharge an employee requires determination of facts and the exercise of judgment and discretion, but this does not of itself make the initial determination or the ultimate decision judicial or quasi-judicial. The need and the power to make decisions based on factual determinations are not peculiar to the judicial function. The determinative is the quality of the process. A discretion may be judicial on the one hand or executive or legislative, on the other. *Handlon v. Town of Belleville* (N. J.), 71 A. 2d 624, 626; *Hintenberger v. Garfield* (Sup. Ct. N. J.), 146 A. 2d 123; *Trybulski v. Bellows Falls Hydro-Electric Corp.* (Vt.), 20 A. 2d 117, 120. Here the process is executive.

The opportunity the statute gives a citizen to seek the discharge of an employee is not a right of liberty or property. It is the chance to take an active part in government by seeing to it that inefficient or venal employees are separated from public employment. The interest which the statute allows to be translated into a personal participation is the general communal interest all citizens should have in good government, not a direct and immediate interest personal to the intervenor, which cannot be gratified constitutionally without a hearing. 1 *Davis, Administrative Law Treatise,* Secs. 7.11, 7.12, 7.13.

Our reading of the record has led us to the conclusion that there was nothing arbitrary, capricious or illegal in the refusal of the State Roads Commission and the Commissioner of Personnel to allow a hearing on the appellant's demands that charges be preferred against three Roads Commission employees, or in their refusal to allow charges to be filed. The appellant had been discharged from his employment by the Commission after a hearing before the Commissioner of Personnel for refusal to perform work he was directed to do. He alleged perjury on the part of two fellow employees and bias on the part of a superior. The Commissioner of Personnel and executives of the Roads Commission had been made fully aware of the background of the case and of the appellant's contentions from the appellant's trial, at which he made the

charges on which he later based his demands for the discharge of the three and from repeated conferences with appellant about the matter. His charges were carefully weighed and rejected after full consideration. Fairness demands no more.

Appellant makes the final contention that the Chairman-Director of the Roads Commission and not the full Commission rejected his request for the filing of charges and that this was not the action of the appointing authority which the statute called for. Code (1962 Supp.), Art. 89B, Sec. 7A, confides matters of general policy to the Commission but gives the Chairman-Director "complete jurisdiction and authority over * * * the entire administrative organization of the Commission itself." The action of the Chairman-Director in this matter relating to personnel was the action of the Commission, the appointing authority.

*Order affirmed, with costs.*