WELSH, Adm'r of the Estate of Patricia Matarazzo ET AL. *v.* MIGNINI, Adm'x of the Estate of Joseph Edward Mignini

[No. 59, September Term, 1970.]

*Decided October 15, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY and SMITH, JJ.

*Daniel A. Bronstein,* with whom was *Franklin I. Freeman* on the brief, for appellants.

*Jeffrey B. Smith,* with whom were *Barbara Ann Spicer* and *Smith, Somerville & Case* on the brief, for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

The appellants, the administrator of a girl of high school age who was killed in an automobile accident and the girl's parents, sued the motorist they claimed was liable for her death and lost. The administrator filed in the trial court a "Petition to Prosecute an Appeal in Forma Pauperis," alleging that an appeal to this Court was filed from the judgment for the defendant in the trial court, that his counsel advised the prosecution of the appeal and that he has no funds in the estate to pay counsel or the cost of the appeal. He prayed "for an appeal in the above-entitled civil cause without fee or cost to the Estate, including the cost of the transcript" (estimated to be from $1,000 to $1,500). The parents filed a similar petition.

Judge Solter, after hearing argument, advised counsel by letter that:

"The short and simple question is whether or not an indigent party in a civil action is entitled to prosecute an appeal to the Court of Appeals of Maryland at the expense of the State. For the

purposes of this decision, it will be assumed that the Affidavits of Indigency attached to the Petitions are sufficient to show indigency.

"This Court has found no authorities which would lead it to conclude that the Court of Appeals of Maryland would change its clear and unequivocal holding in *Schiller v. Lefkowitz*, 242 Md. 461 at 472. After reviewing the distinctions between the rights of litigants in civil and criminal cases, the Court stated:

'The rights of indigent defendants in criminal prosecutions to court appointed counsel and to a free transcript of the proceedings on appeal are not accorded to indigent civil litigants,' "

and entered an order that the relief prayed in the petitions be denied. The appeal is from that order.

We agree with Judge Solter that at present the Maryland law offers indigents no free appeal in civil actions for damages. Appellants press upon us with considerable force that in civil as well as criminal cases the federal constitution requires a State to afford the same appeal to an indigent person that the affluent person can buy, and that the Supreme Court will so rule or indicate when it decides the appeal in the case of *Boddie v. State of Connecticut*, 286 F. Supp. 968 (D. Conn. 1968), in which a three-judge court found no denial of equal protection or due process in the Connecticut statute which requires each would-be litigant, including indigent persons, to pay filing fees and costs before seeking a divorce.

We think we should not undertake to decide a substantial federal constitutional question on an assumption of standing to raise the question. The petition and affidavit of the administrator would indicate that the estate has no funds. The petition and affidavit of the parents would indicate that they well may have—and probably do—sufficient financial worth and resources to pay the costs of an appeal. The record before us is bobtailed and we cannot determine the facts but we think it reasonable to as-

sume that if the appeal and a new trial succeed, the real monetary recovery would be by the parents as such.

We shall remand the case for determinations as to the indigency *vel non* of the administrator and the parents.

> *Case remanded without affirmance or reversal for the further proceedings suggested by the opinion, costs to be paid by the appellants.*