## MURRAY *v.* STATE DEPARTMENT OF SOCIAL SERVICES

[No. 176, September Term, 1970.]

*Decided January 7, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SMITH and DIGGES, JJ.

*Jo Ann Raphael*, with whom was *Irwin Brown* on the brief, for appellant.

*J. Michael McWilliams, Assistant Attorney General*, with whom was *Francis B. Burch, Attorney General*, on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

We are here called upon to determine whether a hearing held relative to a claim for emergency assistance under the Aid to Families with Dependent Children (AFDC) program is a "contested case" within the meaning of that term as defined in Maryland's Administrative Procedure Act (Code (1965 Repl. Vol.), Art. 41, §§ 244-256). We conclude that it is.

Authority for the present AFDC program is found in Code (1969 Repl. Vol.), Art. 88A, §§ 44A-60. Prior to the passage of Chapter 148 of the Acts of 1967 it was known as Aid to Dependent Children, which came into being in Maryland with the passage of Chapter 148 of the Acts of the Special Session of 1936, after enactment by the Congress of the Social Security Act in August of 1935. For a review of the "Mother's Relief" program existing prior to that see *Baltimore v. Fuget*, 164 Md. 335, 165 A. 618 (1933). Three categories of public assistance were included in the Social Security Act, old age assistance, aid to the blind, and aid to dependent children.

The sub-title of the Social Security Act dealing with AFDC is found at 42 U.S.C.A. §§ 601-610.

As seems to be inevitable with such programs, there was expansion. After the original enactment of the Social Security Act and the Maryland AFDC program a provision was made for emergency assistance, thus giving rise to this controversy.

A child to be eligible under the Maryland act must be "deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent" and be living with certain designated relatives.

Code (1969 Repl. Vol.), Art. 88A, § 15 provides authority to the State Department of Social Services (State Department) "to accept any and all allotments of federal funds and commodities and to manage and dispose of same in whatever manner may be required by federal law, and to take advantage of the federal Social Security Act and any amendments and supplements thereto, and any other federal act relating to social services and public assistance".

Appellant Loretta Murray on April 30, 1969, requested emergency assistance from the Baltimore City Department of Social Services (formerly known as Department of Public Welfare), under a relatively new program, the then applicable rule for which was promulgated by the State Department with an effective date of February 1, 1969. A grant of $45.00 was authorized to her for the purpose of purchasing a used living room suite. She claimed that the item was unavailable at the price specified and requested a grant for new furniture items as permitted under the rules when used furniture at the price allowed is unavailable in the community. The city department refused to authorize the grant. Accordingly, on July 8, 1969, she requested a "fair hearing" pursuant to § 12 of Rule 200 of the State Department. Hearing was held. The State Department rendered a decision upholding refusal of the increased grant for new furniture. Mrs. Murray then sought further review in the Baltimore City Court pursuant to the Administrative Procedure Act. The State Department filed a "motion *ne recipiatur*

or to strike". In considering the matter Judge Sodaro "concluded that there is no statutory authority for judicial review of a decision of the department under Article 88A, Section 53 regarding emergency assistance". stating that the "hearing requirement of Section 53 applies only to decisions affecting grants of regular monthly assistance in aid to families with dependent children, and does not apply to decisions affecting a grant of emergency assistance in the form of a single lump sum to meet a particular emergency".

Section 255 of the Administrative Procedure Act provides a right to judicial review to any party "aggrieved by a final decision in a contested case". A "contested case" is defined in § 244 (c) as "[A] proceeding before an agency in which the legal rights, duties, or privileges of specific parties are required by law * * * to be determined after an agency hearing." It is conceded that the State Department comes within the term "agency".

Code, Art. 88A, § 53 provides for appeals under the AFDC program to the State Department "[i]f an application * * * is denied in whole or in part, or if any award of assistance is modified or cancelled * * *". It further provides, "Applicants or recipients * * * shall, upon request, be given reasonable notice and opportunity for a fair hearing by the State Department." The Social Security Act, 42 U.S.C.A. § 602 (a) makes one of the requirements for approving a "State plan for aid and services to needy families with children" that it "provide for granting an opportunity for a fair hearing before the State agency to any individual whose claim for aid to families with dependent children is denied or is not acted upon with reasonable promptness".

It is obvious that the emergency assistance program is an integral part of the Social Security Act under the AFDC subtitle since the term "emergency assistance to needy families with children" is defined in 42 U.S.C.A. § 606 (e). Code (1969 Repl. Vol.), Art. 88A, § 5 grants the State Board of Social Services, the governing body of the State Department, the power "to adopt from time

to time such rules and regulations as may be necessary to carry out any of the duties imposed upon it by law" and provides "when adopted such rules and regulations shall have the force and effect of law". We recognized a rule promulgated under that authority in *In Re Cager*, 251 Md. 473, 248 A. 2d 384 (1968). Pursuant to that grant of authority the State Board adopted its Rule 200, § 12 which provides for the hearing Mrs. Murray had before the State Department.

When one considers the inter-relationship of the Social Security Act and its requirements for a fair hearing and the Maryland AFDC program, the adoption of an emergency assistance program by the State Department pursuant to the authority granted by the General Assembly, and the fact that the emergency assistance program is yet an additional facet of the AFDC portion of the Social Security Act, one must conclude that the hearing Mrs. Murray had before the State Department constituted a contested case within the meaning of the Administrative Procedure Act. Since it was such a contested case, it follows that pursuant to that act she is entitled to judicial review of the agency's decision.

> *Order reversed and case remanded for further proceedings; costs to be paid by the appellee.*