**Elsie A. DORSEY**

v.

**The Honorable Hall HAMMOND,**
**Chief Judge, et al.**

**Civ. No. 70–1073–K.**

United States District Court,
D. Maryland.

April 30, 1971.

Order Dec. 16, 1971.

Irwin Brown, Elloyd E. Lotridge and Jo Ann Raphael, Baltimore, Md., for plaintiff.

Francis B. Burch, Atty. Gen. of Maryland, and J. Michael McWilliams and Judson P. Garrett, Jr., Asst. Attys. Gen. of Maryland, for defendants.

Before SOBELOFF, Circuit Judge, and KAUFMAN and MILLER, District Judges.

## MEMORANDUM AND ORDER

PER CURIAM.

The plaintiff, alleging indigency, seeks a declaratory judgment that she is entitled to proceed with her appeal in the Maryland Court of Appeals without payment of costs, notwithstanding the holding of Welsh v. Mignini, 259 Md. 250, 269 A.2d 602, 603 (Md.1970): "[A]t present the Maryland law offers indigents no free appeal in civil actions for damages." It is asserted to us that the failure to provide for in forma pauperis proceedings in civil cases constitutes an infringement of the United States Constitution. This argument must be entertained in the context of the Supreme Court's recent decision in Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).

■ The real challenge in this case is not to the Maryland statutes, but to Rules effected by the Maryland Court of Appeals itself. Because we think it highly likely that the Court of Appeals may wish to reconsider its fee requirements in light of the *Boddie* decision, this case will be held in abeyance, retaining jurisdiction, until Mrs. Dorsey has made an attempt to proceed in the Court of Appeals without paying the fees.

This opinion is intended to reflect no judgment on the validity or invalidity of the present Maryland Rules. It reflects only our reluctance to rule on the constitutionality of a state court policy if its demise may be imminent in any event.

■■ Nor should this opinion be construed as ordering abstention to allow the state court to rule on the federal constitutional issue presented here, for that is our function and obligation. Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971); Zwickler v. Koota, 389 U.S. 241, 251, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); Harman v. Forssenius, 380 U.S. 528, 534–535, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965). If Mrs. Dorsey, in applying to the Maryland Court of Appeals for leave to prosecute her appeal without payment of fees, reserves the federal constitutional question, she may, in the event the Maryland Court adheres to its Rule, have that question determined by this Court. England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 415–416, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).

It is so ordered.

## MEMORANDUM AND ORDER

On April 30, 1971, this Court filed a Memorandum and Order holding this case in abeyance, but retaining jurisdiction, until Mrs. Dorsey had an opportunity to make an attempt to proceed in the Court of Appeals of Maryland. On November 18, 1971, the Court of Appeals of Maryland filed the attached Per Curiam Opinion and Order. Accordingly, the within case is hereby dismissed as moot, with prejudice, with costs to be borne by the defendants.

The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

## APPENDIX

| ELSIE A. DORSEY v. STATE DEPARTMENT OF SOCIAL SERVICES | IN THE COURT OF APPEALS OF MARYLAND |

### PER CURIAM OPINION AND ORDER

The appeal in this case is by a mother, the recipient of a grant under the Aid to Families with Dependent Children program (she has four children, not all by the same father) from the Anne Arundel County Department of Social Services.

Prior to July 1970 the mother received a monthly grant for an assistance unit consisting of herself and three of her children, of $51.00 for rent and $150.00 for subsistence, that is, food and clothing. She also received $24.25 a week from the father of the fourth child, Lisa, to pay for Lisa's needs.

In July 1970 Anne Arundel County reduced the grant to $123.92 a month because it said the law required it to include Lisa as a member of the assistance unit and to compute the needs of five people as $229.00 a month (rent $55.00 and subsistence $174.00). The County then subtracted from this total the amount of Lisa's monthly support money from her father (which it calculated at the rate of 4⅓ times $24.25 a week).

The mother took an extremely dim view of this. She argued that Lisa should not be included in the assistance unit because the amount her father paid was enough for her needs and that she, the mother, was entitled to be paid what she had been receiving prior to July 1970.

Anne Arundel County disagreed. The mother appealed within the Maryland Department of Social Services. She lost. She appealed to the Baltimore City Court. Judge Cardin upheld the Department finding that the applicable law was against her.

She appealed to this Court, as she has the right to do under Murray v. State Department of Social Services, 260 Md. 323, 272 A.2d 16. Then she sought to proceed as an indigent, without payment of the costs of appeal, claiming alternative constitutional rights; the first, to have the State waive the filing fee and pay for the transcript of testimony, the preparation of the record and the cost of printing the record extract and her brief, as is the practice in indigent criminal appeals, or second, to have the State, in the immediate person of this Court, waive the filing fee and permit her to come up on a typewritten record extract and brief.

We asked the Attorney General to respond to the motion to proceed as an indigent, and heard argument on the point. The Attorney General, both in brief and in oral argument, formally and on the record, agreed with the mother that as an indigent welfare recipient she was on a par with the indigent divorce seeker who was granted the right by the Supreme Court in Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), to have the State pay costs in the trial court, and the indigent convicted criminal granted the right by the Supreme Court in Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, to have the State pay the costs of appeal. The Attorney General went on to ask the Court to receive and decide the case on the mother's typewritten record and brief.

We agree that the rationales of *Boddie* and *Griffin* suggest that we should receive the mother's appeal as an indigent because in effect she is a financial ward of the State who has been granted the right to seek recourse in the courts of the State in regard to the financial relationship between her and the State, a right she cannot exercise unless the State foots the bill. We do not agree that the burden that the State must bear in this regard should consist of this Court's deviation from its rule on printed record extracts and briefs. We think that the treasury of the State should bear that burden as it does with indigent criminal appeals and the trial costs in the indigent divorce cases.

Therefore, it is this 18th day of November, 1971, by the Court of Appeals of Maryland ordered that Elsie A. Dorsey be and she is hereby granted leave to appeal to this Court as an indigent, that the filing fee in this Court is waived, and that the cost of transcribing the testimony and of printing the record extract and the brief be paid by the State, all under the supervision, as to mechanics, of the Director of the Administrative Office of the Courts as in indigent criminal appeals.

[s] Hall Hammond
Chief Judge