486 A.2d 224

**WARWICK CORPORATION**

v.

**DEPARTMENT OF TRANSPORTATION.**

**No. 322, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Jan. 9, 1985.

Anne K. Pecora, Baltimore, for appellant.

Ben C. Clyburn, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Robert B. Harrison, III, Asst. Atty. Gen. and Nancy Holland, Staff Atty., Baltimore, on the brief), for appellee.

Argued before WILNER, BISHOP and GARRITY, JJ.

GARRITY, Judge.

In order to obtain review by the circuit court of a final administrative decision made by a state agency, an aggrieved party ordinarily must show the existence of a "contested case." [1] We shall examine whether decertification of a firm from its classification as a minority business enterprise is a contested case allowing judicial review. The question arises because of language in the preamble of a statute designed

---

**1.** Compare *Criminal Injuries Compensation Board v. Gould,* 273 Md. 486, 331 A.2d 55 (1975) as to court's inherent power through writ of mandamus, by injunction, or otherwise, to correct abuses of discretion and arbitrary, illegal, capricious or unreasonable acts.

to ensure the participation of minority firms in the award of certain state government contracts.

### Facts and Background of Minority Enterprise Program

The Warwick Corporation was certified by the Maryland Department of Transportation (MDOT) in 1978 as a female majority-owned and controlled minority business enterprise (MBE). The corporation thus became eligible to participate in that agency's Minority Business Enterprise Program. (MBE Program). The goal of the program, pursuant to Md.Ann.Code, Art. 21, § 8–601(b)(2) is "to attempt to achieve, consistent with the purpose of this subtitle, participation by certified minority business enterprises, in the amount of at least 10 percent of the dollar value of contracts in excess of $100,000.00 on the prime or subcontract level...." [2]

In order to maintain the integrity of the program, a certification process was developed to discourage any "front" or "sham" firms from taking advantage of the MBE Program. To oversee this process, MDOT established the Minority Business Enterprise Advisory Committee (MBEAC) to provide advice to the Secretary of MDOT regarding the bona fides of enterprises seeking to be certified as an MBE. To insure that the program would work in a fair manner and to benefit only those entities for which it was intended, the Secretary promulgated rules which set forth standards of certification and decertification. MBE Program (1980); COMAR 11.10.01.

MBEs may be decertified and barred from further participation in the program for various reasons. Upon the discovery of possible irregularities of an MBE with regard to

---

2. There are two types of minority business affirmative action programs affecting (MDOT) contracts. Some MDOT contracts involve only state funds (straight-state) as opposed to other MDOT contracts which are made up of a combination of state and federal financial participation and regulated by 49 Code of Federal Regulations (CFR), Part 23.

ownership and/or control, a Show Cause Notice is issued and the MBE is required to appear before the MBEAC to show cause why certification should not be withdrawn. The Department's "Rules of Appeal" provide, in pertinent part, that:

Any person or corporation which has received, or any party having an interest in, a final straight-state MBE Certification Order from the Secretary, MDOT either denying or certifying said person or corporation as a bona fide minority business enterprise, and if any person or corporation or interested party takes exception to the final straight-state MBE Certification Order, then said person, corporation or interested party may seek a judicial review on straight-state certification as provided for in Article 41, Section 255 of the Administrative Procedure Act. The decision of the court shall be final.

For a reason which is neither disclosed by the parties nor apparent from the record, the appellee determined that Warwick's certification as an MBE should be withdrawn. The appellee then issued a Show Cause Order to the appellant and provided a decertification hearing before the MBEAC. Admitting that it failed to follow the rules and regulations of the MBE Program, the appellee granted Warwick a second hearing. Eventually, an order of decertification was issued by the Secretary of Transportation. The order of decertification was based upon a recommendation of the MBEAC.

On October 21, 1983, the appellant sought review of the order of decertification and filed an appeal in the Circuit Court for Baltimore City (Ward, J.), pursuant to the Administrative Procedure Act (APA), Md.Ann.Code, Art. 41, §§ 244–256A (1982).[3]

The appellee filed a Motion Raising Preliminary Objection asserting that the circuit court lacked subject matter juris-

---

**3.** Repealed by Acts 1984, Ch. 284, § 12, effective October 1, 1984. As to newly enacted Administrative Procedure Act, see Md. State Gov't Code Ann. § 10–101 to 10–405 (1984).

diction since an order decertifying the appellant as a minority business enterprise was not reviewable as a "contested case" as defined in the Administrative Procedure Act, Md. Ann.Code, Art. 41, § 244(d). From an order granting the appellee's motion, we are asked to determine whether Warwick Corporation is entitled to judicial review of the Maryland Department of Transportation's decision to decertify its status as a minority business enterprise.

### Discussion of Law

As prelude to its ruling that the Circuit Court for Baltimore City lacked subject matter jurisdiction to review the decertification of a minority firm, the court examined the program's legislative preamble which states, in pertinent part, as follows: [4]

Whereas, the General Assembly deems it necessary that certain departments shall structure their contract procedures so as to facilitate and encourage the award or letting of at least 10% of their contracts and the subcontracts which flow therefrom to competent minority businesses; provided however, that *nothing contained herein shall be construed as intending to confer or as conferring upon any minority business or any group or individual representing a minority business, any right, privilege or status cognizable by a court, including, but not limited to, standing to challenge the award of any contract by or on behalf of the State,* its officials, employees or agents, even where less than 10% of a department's contracts are awarded to minority business-

---

**4.** Article 21, § 8–601, which was initially enacted by Chapter 575 of the 1978 Laws of Maryland and repealed and reenacted with amendments by Chapter 193 of the Laws of 1983, specifically directs attention to the preamble. Article 21, § 8–601(b)(1) and (2) initially provided that each department's effort to achieve the statutory objective "be consistent with the preamble...." Chapter 193 of the Laws of 1983 substituted the word "purpose" for "preamble". Thus, it seems clear that in construing the statute due consideration should be given the purpose as expressed in the preamble. See, 63 Opinions of the Attorney General 559. (1978).

*es, it being the intention of the General Assembly that this Act constitute a policy direction to the Executive which is enforceable merely through the oversight function of the General Assembly and not through the judicial branch....* (Emphasis added)

The hearing judge determined that, "[i]t is clear to this Court that it is the intention of the Maryland General Assembly not to provide for appellate procedure and review of administrative decisions involving certifications of minority businesses."

As the Court of Appeals has repeatedly held, judicial review of final actions of an administrative agency by way of an appeal must be specifically authorized by statute. *Criminal Injuries Compensation Board v. Gould,* 273 Md. 486, 331 A.2d 55 (1975); *Urbana Civic Association v. Urbana Mobile Village, Inc.,* 260 Md. 458, 272 A.2d 628 (1971). Article 41, § 255 of the Administrative Procedure Act grants the right to judicial review to any party "aggrieved by a final decision in a contested case." A "contested case" was defined in Art. 41, § 244(d) as "a proceeding before an agency in which the legal rights, duties, statutory entitlements, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing." [5]

Unless otherwise required by statute, "the necessity of a hearing in an administrative proceeding depends on the character of the proceeding and the nature of the interest of the person seeking relief." *Eliason v. State Roads*

---

**5.** As contained in Md. State Gov't Code Ann., § 10–201(c), the present language describing a "contested case" was derived without substantive change from former Art. 41, § 244(d) and provided:

(c) *Contested case.*—"Contested case" means a proceeding before an agency to determine:

(1) a right, duty, statutory entitlement, or privilege of a person that is required by law to be determined only after an opportunity for an agency hearing; or

(2) the grant, denial, renewal, revocation, suspension, or amendment of a license that is required by law to be determined only after an opportunity for an agency hearing.

*Commission,* 231 Md. 257, 260, 189 A.2d 649, *cert. denied,* 375 U.S. 914, 84 S.Ct. 211, 11 L.Ed.2d 152 (1963). "[W]here a public administrative body acts in a judicial or quasi-judicial matter, and its acts are particular and immediate rather than general and prospective, the person whose rights or property may be affected by the action is entitled to notice and hearing." *Albert v. Public Service Commission,* 209 Md. 27, 37–38, 120 A.2d 346 (1956). *See Prince George's County v. Blumberg,* 288 Md. 275, 295, 418 A.2d 1155 (1980), *cert. denied,* 449 U.S. 1083, 101 S.Ct. 869, 66 L.Ed.2d 808 (1981), and cases cited therein.

The gist of appellee's theory of the case is that while the Fourteenth Amendment and the Maryland Declaration of Rights provide that the government cannot deprive an individual of life, liberty or property without due process, the statute specifically has not conferred any rights, privileges, or statutory entitlements to the subject class of minority firms. The present matter, therefore, is not a "contested case" as required by the APA.

The determination of whether the present matter is a "contested case" under the Administrative Procedure Act involves a three-fold analysis. First, it must be determined whether the Maryland Department of Transportation qualifies as an agency that was intended to be included within the coverage of the APA. Second, it must be determined whether certification as a minority business enterprise involves legal rights, duties, statutory entitlements, or a privilege of a legal entity. Third, it must be determined whether the decertification as a minority business enterprise is required by law, or by constitutional right, to be decided after an agency hearing.

### Agency

At the time of the appeal to the circuit court (1983), former Art. 41, § 244(a) defined "Agency" as being a "State board, commission, department or officer authorized by law to make rules or to adjudicate contested cases, except ..."

certain enumerated departments and commissions.[6]  As MDOT was not expressly excluded from coverage of the Administrative Procedure Act, nor is it now, the full force and effect of the APA provisions applied and still apply. *See Kaufman v. Taxicab Bureau, Baltimore City Police Dept.*, 236 Md. 476, 204 A.2d 521 (1964), *cert. denied*, 382 U.S. 849, 86 S.Ct. 95, 15 L.Ed.2d 88 (1965).

Although the appellee argues that the decisions of the MBE Advisory Committee were not intended to fall within the ambit of the APA, we believe they were so intended because Art. 21, § 8–601(a)(5) provided that " 'certification' means the determination, through whatever procedure is used by a department, that a legal entity is a minority business enterprise for purposes of this subtitle."  As previously related, MDOT established a notice-hearing certification/decertification procedure through its Advisory Committee.

### Nature of Right or Privilege

Although the certification of a firm as a minority business would appear to bestow the privilege to participate in the program, the appellee argues that the preamble indicates an intention by the Legislature to confer no right or benefit.  We disagree.

On careful reading of the preamble, we are convinced that the Legislature intended to make it forcefully clear that an MBE was to have *no standing to challenge an award of any contract* by or on behalf of the State where less than ten percent is awarded to MBEs.  As this expression of public policy was clearly designed to prevent the

---

**6.** The present definition of "Agency" in the APA, contained in Md. State Gov't Code Ann., § 10–201(b) is:

> (1) an officer or unit of the State government authorized by law to adjudicate contested cases; or
> (2) a unit that:
>     (i) is created by general law;
>     (ii) operates in at least 2 counties; and
>     (iii) is authorized by law to adjudicate contested cases.

interruption of state projects, the thrust of its "no-standing" message has absolutely no bearing on the issue of certification or decertification of a minority business enterprise. Once a business enterprise has been certified or licensed as a minority firm, it has the privilege to participate in the MBE program and partake of the benefits provided by Art. 21, § 601.[7]

### Rights of Review Authorized by Law

Although there is no specific statutory authorization for a hearing before the MDOT when a person or corporation is denied certification as an MBE, the judicial review provision of the APA is still applicable.

In *Murray v. Department of Social Services*, 260 Md. 323, 272 A.2d 16 (1971), the Baltimore City Department of Social Services refused to increase a grant for new furniture to a program recipient. The recipient, Murray, requested and received a hearing from the State Department of Social Services, which affirmed the decision of the City Department. Murray then sought review in the Baltimore City court pursuant to the APA. The State Department of Social Services claimed, and the trial court agreed, that there was no statutory authority for judicial review of a decision of its department regarding "emergency" assistance.

The Court of Appeals, however, determined that a hearing relative to a claim for emergency assistance under the

---

7. The language defining "license" under Md. State Gov't Code Ann., § 10–201(d) was derived without substantive change from former Art. 41, §§ 244(e), (f) and 250A(a), and provides:
    (d) *License.* – "License" means all or any part of permission that:
      (1) is required by law to be obtained from an agency;
      (2) is not required only for revenue purposes; and
      (3) is in any form, including:
        (i) an approval;
        (ii) a certificate;
        (iii) a charter;
        (iv) a permit; or
        (v) a registration.

Aid to Families with Dependent Children (AFDC) program is a "contested case" within the meaning of that term as defined in Maryland's APA, Art. 41, § 244(d). The Court reasoned that pursuant to Art. 88A, § 53, an AFDC applicant or recipient "shall, upon request, be given reasonable notice and opportunity for a fair hearing by the State Department." Furthermore, the Court observed that Art. 88A, § 5 granted the State Board of Social Services, the governing body of the State Department, the power "to adopt from time to time such rules and regulations as may be necessary to carry out any of the duties imposed upon it by law." Pursuant to that grant of authority, the State Board adopted Rule 200, § 12 which provided for a hearing before the State Department. *See Prince George's County v. Blumberg,* 288 Md. at 295–96, 418 A.2d 1155.

Similarly, in the case *sub judice*, under Md.Trans.Code Ann., § 2–103(b) (1977), the Secretary of MDOT is authorized to "adopt rules and regulations for the Department." One of the rules adopted by the Secretary, COMAR 11.10.-01(a), expressly provides for a hearing before the MBEAC when a person or corporation is denied certification as a bona fide MBE.

■ We hold that the withdrawal by an agency of a firm's certification as a minority business enterprise is an act which may give rise to a "contested case" under the Administrative Procedure Act. We conclude, therefore, that the Circuit Court for Baltimore City possessed subject matter jurisdiction to review the decertification of the Warwick Corporation as a minority business enterprise by the Department of Transportation.

JUDGMENT REVERSED. CASE REMANDED TO CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION.

COSTS TO BE PAID BY APPELLEE.