554 A.2d 1221

**MODULAR CLOSET SYSTEMS, INC.**

**v.**

**COMPTROLLER OF THE TREASURY.**

No. 103, Sept. Term, 1987.

Court of Appeals of Maryland.

March 28, 1989.

Evelyn W. Pasquier (Shale D. Stiller and Frank, Bernstein, Conaway & Goldman, on the brief), Baltimore, for appellant.

Dennis M. Sweeney, Deputy Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., and Linda Koerber Boyd, Asst. Atty. Gen., on the brief), Baltimore, for appellee.

Argued before ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ., and MARVIN H. SMITH, Associate Judge of the Court of Appeals of Maryland (retired), Specially Assigned.

ELDRIDGE, Judge.

The Maryland Administrative Procedure Act (APA), Maryland Code (1984), §§ 10–201 of the State Government Article, defines a "contested case," for purposes of subtitle 2 of the State Government Article as follows:

"(c) *Contested case.*—'Contested case' means a proceeding before an agency to determine:

(1) a right, duty, statutory entitlement, or privilege of a person that is required by law to be determined only after an opportunity for an agency hearing; or

(2) the grant, denial, renewal, revocation, suspension, or amendment of a license that is required by law to be determined only after an opportunity for an agency hearing."

Section 10–217 of subtitle 2 of the State Government Article, known as the Small Business Litigation Expenses Act (SBLEA), permits a court or administrative agency to award, under certain circumstances, litigation expenses to a small business involved in a "contested case or civil action" with the administrative agency. The SBLEA states in relevant part (emphasis added):

"§ 10–217.  Litigation Expenses for small businesses.

\* \* \* \* \* \*

"(c) *Reimbursement authorized.*—Subject to the limitations in this section, an agency or court may award to a business reimbursement for expenses that the business reasonably incurs in connection *with a contested case or civil action* that:

(1) is initiated against the business by an agency as part of an administrative or regulatory function;

(2) is initiated without substantial justification or in bad faith; and

(3) does not result in:

(i) an adjudication, stipulation, or acceptance of liability of the business;

(ii) a determination of noncompliance, violation, infringement, deficiency, or breach on the part of the business; or

(iii) a settlement agreement under which the business agrees to take corrective action or to pay a monetary sum.

(d) *Claim required in contested case.*—(1) To qualify for an award under this section when the agency has initiated a contested case, the business must make a claim to the agency before taking any appeal.

(2) The agency shall act on the claim.

(e) *Amount.*—(1) An award under this section may include:

(i) the expenses incurred in the contested case;

(ii) court costs;

(iii) counsel fees; and

(iv) the fees of necessary witnesses.

(2) An award under this section may not exceed $10,000.

(3) The court may reduce or deny an award to the extent that the conduct of the business during the proceedings unreasonably delayed the resolution of the matter in controversy."

The SBLEA, in § 10–217(g), further provides that "[i]f the agency denies an award under this section, the business may" seek judicial review as provided in the APA.

The present case involves the question of whether a small business's challenge to a retail sales tax assessment by the Comptroller of the Treasury, which is resolved in favor of the business prior to a formal hearing, is a "contested case" for which reimbursement of legal expenses may be sought under the SBLEA.[1]

Modular Closet Systems, Inc., manufactures and sells portable closet inserts. The Comptroller of the Treasury levied an assessment against Modular for allegedly unpaid retail sales tax due for a four-year period, plus interest and penalties. The procedures through which a taxpayer may challenge such an assessment are detailed in COMAR 03.-06.01.80 as follows:

---

1. Both parties have agreed that the Comptroller is an "agency" for purposes of the APA and the SBLEA.

".80 Procedures for Review of Assessments, Denial of Refunds, and Revocation of Licenses.

"A. Assessments.

"(1) A taxpayer may apply for a revision of an assessment against him by making application in writing to the Comptroller within 30 days of the mailing of the notice of assessment to him. If no application is made within the 30–day period, the assessment becomes final, and the Comptroller may not consider any subsequent application. If an assessment is paid by a taxpayer, no application for refund may be considered by the Comptroller unless made within 30 days of the mailing of the notice of assessment.

"(2) If a timely application for revision of an assessment or refund of a paid assessment is made, the Comptroller shall schedule an informal conference with the taxpayer in the Comptroller's Baltimore Office to discuss the issues involved.

"(3) Following the informal conference, the Comptroller shall notify the taxpayer in writing of his action. Within 30 days of the mailing of the notice, a taxpayer dissatisfied with the action of the Comptroller may request a formal hearing before the Comptroller. If no request for a formal hearing is made within this period, the action becomes final, and the Comptroller may not consider any subsequent application.

"(4) The Comptroller, with the consent of the taxpayer, may waive the convening of the informal conference if it appears to him that the conference will not serve to narrow the issues in dispute. If the Comptroller waives the informal conference, he shall treat the initial application of the taxpayer for revision of the assessment or refund of a paid assessment as a timely request for a formal hearing."

In accord with these regulations, Modular filed a timely request for a revision of the assessment. In the request for a revision, Modular suggested that the issues involved were unlikely to be resolved at an informal conference. There-

fore, Modular consented to a waiver of the informal conference and "agree[d] that this letter may be considered a request for a formal hearing, if the Comptroller concurs in our view that an informal conference would serve no constructive purpose." After an exchange of letters and telephone calls between the Comptroller's representatives and Modular's attorneys, but before the Comptroller had scheduled either an informal conference or a formal hearing, the Comptroller abated the assessment in its entirety.

Five days after the abatement of the assessment, Modular applied to the Comptroller, pursuant to the SBLEA, for reimbursement of $4400 in legal expenses incurred in connection with its challenge to the assessment. Modular alleged that the assessment "was made without substantial justification either in fact or in law." The Comptroller denied Modular's application for litigation expenses on the ground that the agency's action in levying the assessment was neither unjustified nor in bad faith. In reaching this conclusion, the Comptroller's Office indicated that an issue had been raised as to whether the SBLEA applies "to this particular situation," indicated that it would not discuss that question, and proceeded as if the sales tax assessment proceeding was a "contested case" potentially eligible for reimbursement under the SBLEA.

Modular then filed in the Circuit Court for Baltimore City this action for judicial review of the denial of its application for litigation expenses. The Comptroller responded by arguing that the dispute between the Comptroller and Modular had never reached the level of a "contested case" because there was no hearing, and that, therefore, the sales tax proceeding was not an eligible case under the SBLEA. The circuit court agreed with this argument and upheld the denial of an award on this ground. Modular appealed to the Court of Special Appeals, and, prior to any proceedings in the intermediate appellate court, this Court issued a writ of certiorari to decide the eligibility issue.

As previously pointed out, § 10–201(c) defines a contested case as "a proceeding before an agency to determine ... [a]

duty ... that is required by law to be determined only after an opportunity for an agency hearing." The Comptroller argues that the meaning of this language is that a matter does not become a contested case unless a formal agency hearing is held. Because Modular's challenge to the assessment was decided at a stage of the administrative proceeding prior to a formal hearing, it was not, in the Comptroller's view, a contested case. Modular, on the other hand, argues that the key criterion for a contested case under § 10–201(c) is the nature of the dispute—whether it is one that *entitles* a party to a hearing, regardless of whether a hearing was in fact held. We adopt the latter view. While no prior decisions of this Court have construed the SBLEA, the statutory language and prior construction of the APA definition of "contested case" show that it is the nature of the dispute, rather than the stage of the proceedings, that determines whether or not a matter is a contested case.

The language of § 10–201(c) itself indicates that the Comptroller's effort to limit "contested case" to the situation where a formal hearing actually takes place, is incorrect. Had the General Assembly intended that the words "contested case" mean only instances where a hearing is actually conducted, it is unlikely that it would have employed the word "proceeding" in defining a contested case as a "proceeding before an agency to determine ... a duty ... that is required by law to be determined only after an opportunity for an agency hearing." As this Court stated in *Banach v. State Comm'n on Human Rel.*, 277 Md. 502, 510, 356 A.2d 242 (1976), "the Maryland Administrative Procedure Act ... in defining the term 'contested case,' clearly ascribes a somewhat broader meaning to the term 'proceedings' than to 'an agency hearing.' " Moreover, the reference to an "opportunity" for a hearing being "required by law," instead of whether or not a hearing takes place, shows that it is the nature of the proceeding which determines whether it is a contested case.

Section 10–206 of the APA further supports the view that a matter may be a contested case even if it never reaches the formal hearing stage. That section provides:

"Unless otherwise precluded by law, an agency may dispose of a contested case by

(1) stipulation;
(2) settlement;
(3) consent order;
(4) default."

This language makes it evident that, under the APA, a dispute resolved prior to a formal hearing may, nonetheless, be a contested case.

In a number of opinions this Court has considered whether a dispute or proceeding was a contested case under the APA. *See, e.g., Donocam Assoc. v. Wash. Sub. San. Comm'n,* 302 Md. 501, 512–513, 489 A.2d 26 (1985); *Prince George's Co. v. Blumberg,* 288 Md. 275, 295–296, 418 A.2d 1155 (1980), *cert. denied,* 449 U.S. 1083, 101 S.Ct. 869, 66 L.Ed.2d 808 (1981); *State Dep't of A. & Tax. v. Clark,* 281 Md. 385, 395–396, 380 A.2d 28 (1977); *Montgomery County v. One Park North Associates,* 275 Md. 193, 202, 338 A.2d 892 (1975); *Criminal Injuries Compensation Board v. Gould,* 273 Md. 486, 499, 331 A.2d 55 (1975); *Murray v. State Dep't of Social Services,* 260 Md. 323, 326–327, 272 A.2d 16 (1971); *Bernstein v. Board of Ed. of Prince George's Co.,* 245 Md. 464, 471–472, 226 A.2d 243 (1967). *See also Eliason v. State Roads Comm.,* 231 Md. 257, 260–261, 189 A.2d 649, *cert. denied,* 375 U.S. 914, 84 S.Ct. 211, 11 L.Ed.2d 152 (1963).

In none of these opinions has the Court's contested case analysis focused on the timing of the proceedings or the stage at which the dispute terminates. Rather, the Court has focused on whether the nature of the dispute entitles the parties to a hearing to determine their rights and duties.

Thus, for example, in *State Dep't of A. & Tax. v. Clark, supra,* we held that a proceeding under Art. 81, § 67, which provides certain taxing officials discretionary authority to reduce or abate tax assessments after the date the assessments became final, was not a "contested case" because the "action of the ... entities provided by § 67 is entirely

discretionary ... and § 67 does not require a hearing." 281 Md. at 395, 380 A.2d at 35.

In *Murray v. State Dep't of Social Services, supra,* this Court held that an agency's denial of emergency benefits under the Aid to Families with Dependent Children program constituted a contested case, not because a hearing was in fact held, but because state and federal statutes mandated administrative hearings for individuals denied such benefits. The Court stated (260 Md. at 327, 272 A.2d at 18):

> "When one considers the inter-relationship of the Social Security Act and its requirements for a fair hearing and the Maryland AFDC program ... one must conclude that the hearing Mrs. Murray had before the State Department constituted a contested case...."

*See Criminal Inj. Compensation Board v. Gould, supra,* where the Court observed (273 Md. at 499, 331 A.2d at 64):

> "it could be argued with some force that since no hearing before the Board is *required* ... to determine in the first instance the legal rights or privileges of a claimant, such a proceeding before the Board precludes it from being a 'contested case'...."

*See also Eliason v. State Roads Comm'n, supra,* 231 Md. at 260, 189 A.2d at 651 (the right to an administrative hearing "depends on the character of the proceeding and the nature of the interest of the person seeking relief").

The United States District Court for the District of Maryland construed the definition of contested case in the Maryland Administrative Procedure Act in *Dunkel v. Elkins,* 325 F.Supp. 1235, 1246–1248 (D.Md.1971). That case involved the University of Maryland's denial of campus access to the plaintiff pursuant to Article 27, § 577B. The court stated (325 F.Supp. at 1247) (emphasis in original):

> "This case involves ... the University's right to exclude [the plaintiff] under the standards established by section 577B. That section does not itself require a hearing. Nor seemingly does any other Maryland statute. Thus, the section 577B notice to [the plaintiff] created a 'con-

tested case' as defined by section 244(c) of the Maryland Administrative Procedure Act *only if* [the plaintiff] had a constitutional right to a hearing.... [W]e hold that he had that right and that, accordingly, he was entitled to a hearing.... No such hearing was held." [2]

The Comptroller suggests that permitting awards for legal expenses incurred prior to a formal hearing would result in a plethora of claims for expenses incurred in connection with every preliminary agency action. This argument is without merit. First of all, our holding does not mean that every agency action or investigation that could ultimately result in a formal hearing is a contested case. As stated in 1 F. Cooper, *State Administrative Law* 127 (1965):

"Agencies frequently conduct informal preliminary inquiries to determine whether or not formal proceedings should be instituted. Even though the formal proceeding, if instituted, would be a contested case, the preliminary inquiry is not included within the scope of the statutory definition."

In the present case, the levy of the assessment against Modular moved the proceedings beyond the preliminary investigation stage. At that point Modular became entitled to an eventual hearing.

Furthermore, the SBLEA imposes limits on the award of litigation expenses which would preclude a flood of claims. Under the terms of the act a small business may recover its litigation expenses only when it is successful on the merits and where the agency has acted in bad faith or without justification. Even under these circumstances the decision

---

2. Pertinent cases in other jurisdictions also support this view. The District of Columbia Court of Appeals in *Brenneman Associates, Inc. v. Dist. of Col.,* 466 A.2d 459, 461 n. 3 (D.C.App.1983), stated that "a 'contested case' within the meaning of the [District of Columbia Administrative Procedure Act] could arise out of administrative action where there was a right to a hearing, and not solely where a hearing had actually been afforded."
*See also Davis v. Long,* 360 S.W.2d 307 (Mo.Ct.App.1962).

to award litigation expenses appears to be subject to some discretion as § 10–217(c) provides that, "[s]ubject to the limitations of this section, an agency or court *may* award to a business reimbursement for expenses ..." (emphasis added). Finally, § 10–217(f) makes the payment of awards fully subject to the state budget.

For the foregoing reasons we reverse the judgment of the circuit court and remand the case to that court for judicial review of the denial of the award in accord with the APA and the SBLEA.

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY REVERSED AND CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. APPELLEE TO PAY COSTS.